In re Robert Guy BRECKINRIDGE, Mildred Beth Breckinridge, Debtor(s).

Bankruptcy No. 3–91–04397(1)7.

United States Bankruptcy Court, W.D. Kentucky.

April 30, 1992.

Dennis E. Kurtz, Louisville, Ky., for debtors.

James McDonough, Louisville, Ky., for citizens.

J. Baxter Schilling, Louisville, Ky., Trustee.

## MEMORANDUM OPINION

HENRY H. DICKINSON, Bankruptcy Judge.

This Court is confronted with an unusual issue of Kentucky law involving the effect of a "future advance" clause in two consumer loan transactions in determining whether to allow the debtors to redeem a 1986 Caprice ("auto") under the provisions of 11 U.S.C. § 722.

### FACTS

On or about February 27, 1987, Robert and Mildred Breckinridge ("Debtors") obtained from Creditor, a purchase money loan in the original amount of $9,297.32 for the purchase of the auto ("Auto Loan"). The loan and security agreement for the Auto Loan contained a future advance clause. The current outstanding balance of this loan is approximately $985.00.

On or about June 10, 1991, the Debtors obtained an unsecured loan of $1500.00 from the Creditor ("Unsecured Loan"). The current outstanding balance of this loan is $1,085.60. Unlike the previous loan, this was not a purchase money loan but a simple straight cash loan. (A copy of the Unsecured Loan Agreement is attached hereto as Exhibit A) The enforceability of the provisions of these two loans are governed by Kentucky law.

On November 15, 1991 the Debtors filed their chapter 7 case with this Court and later brought the above motion for redemption.

### MEMORANDUM

■ The sole question before the Court is "what is the amount of secured debt on the auto." Under 11 U.S.C. § 722 debtors may redeem tangible personal property intended primarily for personal, family or household use by paying the lien holder the amount of its allowed secured claim. This simply means a debtor must pay the lesser of the value of the collateral or the total amount of the secured debt on the collateral in order to redeem the collateral. 11 U.S.C. §§ 506, 722.

---

**643**

In the present case it is undisputed that the value of the collateral, as listed by the February 1992 NADA Official Used Car Guide is between $2,000 and $3,450 even after making allowances for the high mileage on the car and other possible damages. Since these values are at least equal to the maximum amount of the creditor's allowed secured claim, in order for the Debtors to redeem the auto, the Debtors must pay the outstanding indebtedness on the auto.

In the present case, the Creditor argues that by virtue of the future advance clause in the auto loan documents, the Unsecured Loan was also secured by the auto. In order to determine the enforceability of this future advance clause this Court must look to the governing Kentucky law. In *Dalton v. First National Bank of Grayson*, 712 S.W.2d 954 (Ky.App.1986) the Kentucky Court of Appeals delineated the law of Kentucky as the extent of the applicability of future advance clauses in consumer credit cases by stating:

> We hold, therefore, that broad, boilerplate future advance clauses in adhesion contracts are not enforceable as to future transactions which are of a different type or class than the original secured transaction. Specifically, such clauses in purchase money security agreements for consumer goods will be enforceable only where the latter transaction concerns a similar purchase money loan for consumer goods.

Here we are faced with a case where the future advance clause was in a purchase money security agreement. However, the latter transaction, the Unsecured Loan, does not concern a "similar purchase money loan" as is required by Kentucky law for a future advance clause to be enforceable. *Dalton*, 712 S.W.2d at 959.

The Court notes the Creditor has attempted to distinguish the *Dalton* holding by arguing that the *Dalton* case involved an involuntary loan concerning a check overdraft and not a voluntary signature note. This distinction between the facts of *Dalton* and the present case has no impact on this Court's decision. The *Dalton* court, while noting that their case involved an "involuntary loan created by an overdraft" based their decision upon the fact that "the second [involuntary] loan [was] a different type or class than the purchase money loan for the trailer." The issue of primary importance under the *Dalton* case is the strict difference in type or classes of the loans and not whether the loans were voluntary or involuntary[1].

WHEREFORE, for the reasons set forth above this Court, by separate order shall grant the Debtors' motion and overrule the Creditor's objection.

1. Although not necessary to the Court's decision in this matter, the Court notes that in the Unsecured Loan documents the bank expressly noted that no collateral was to be taken as security for the Unsecured Loan. (see attached Exhibit A). While the language of the Unsecured Loan documents concerning collateral is somewhat confusing, in this Court's opinion, the notation on the Unsecured Loan documents would constitute a waiver of the effect of the future advance clause in the creditors earlier loan documents. (Compare: *In re Johnson*, 31 UCCR 291, 9 B.R. 713 (Bkrtcy.M.D.Tenn.1981) (Future advance clauses effective where space on later loan documents for designation and description of collateral left blank).