**In re Michael Leon HOWARD and Tammy Renee Howard Debtors.**

**Michael Leon Howard and Tammy Renee Howard, Plaintiffs,**

**v.**

**Whitesville Credit Union, Defendant.**

**Bankruptcy No. 04–40046(3)7. Adversary No. 04–4004.**

United States Bankruptcy Court, W.D. Kentucky.

June 23, 2004.

Russ Wilkey, Owensboro, KY, for Debtor, Joint Debtor and Plaintiffs.

E. Louis Johnson, Owensboro, KY, for Defendant.

## MEMORANDUM ON CROSS MOTIONS FOR SUMMARY JUDGMENT

DAVID T. STOSBERG, Chief Judge.

This matter comes before the Court on the cross motions for summary judgment filed by the respective parties. This adversary proceeding involves a determination regarding the rights of the parties under two separate Notes and Security Agreements entered into between these parties. In considering a motion for summary judgment, the question presented to the Court is whether there is "no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; Fed. R. Bank. P. 7056. This Court cannot try issues of fact on a Rule 56 motion, but is authorized to determine whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

### Factual Background

The material facts are not in dispute. Michael Howard, plaintiff, signed a Prom-

issory Note and Security Agreement to Whitesville Community Credit Union, Inc. (hereinafter "Credit Union"), dated May 29, 1998. The collateral securing the Note was a 1998 Ford XLT Pick–Up Truck. The Note contained the following language:

"Collateral securing other loans with you [Credit Union] may also secure this loan except that you waive said collateral as security for this loan if this loan is otherwise solely secured by real estate." (Exh. 1)

Additional language in the Note reads as follows:

You [Credit Union] will also have all other legal rights, including the right to repossess and sell the security listed and to apply the proceeds from the sale to the balance due under the note and any other debt that I [plaintiff] may owe you, and I understand that I will be liable for any deficiency balance. (Exh. 1)

On May 3, 2001, the plaintiffs signed another Promissory Note and Security Agreement. The collateral securing this Note was a 1999 Pontiac Transport Montana. (Exh. 2) This note contained the same language set out in the May 29, 1998 Note.

The May 29, 1998 Note was paid in full on August 31, 2001. The Credit Union, however, did not release its lien at that time. The Credit Union believed that the language quoted above allowed it use the 1998 Ford Pick–Up as collateral for both notes. It is the Credit Union's position that because the first note was still in existence at the time the second note was entered, the language quoted above allowed it to use as security both vehicles until the balance due under both notes is paid. The Credit Union has repossessed both vehicles to satisfy the indebtedness owed to it under the Note dated May 3, 2001. The plaintiffs filed for bankruptcy after the vehicles were repossessed and have filed this adversary seeking a release of the lien held on the 1998 Ford Pick–Up.

## Legal Analysis

The issue presented is whether the collateral from the May 29, 1998 Note (hereinafter "First Note") also serves as additional collateral for the May 3, 2001 Note (hereinafter "Second Note"). Thus, even if the First Note was paid in full, the collateral would remain encumbered until the Second Note was also paid in full. No release would be required until both obligations were paid. Conversely, if the language does not allow the Credit Union to use the collateral from the First Note as additional security for the Second Note, the Credit Union should have released its lien upon payment in full of the First Note, and its repossession of the First Note collateral, the 1998 Ford Pick–Up, was wrongful.

■■■ Resolution of the issue turns on the law of future advance clauses. Obligations covered by a security agreement may include future advances or other value and no new agreement will be necessary to secure the new advance. KRS 355.9–204. Future advance clauses are generally enforceable in Kentucky. *In re Polley*, 219 B.R. 205 (Bankr.W.D.Ky.1998)(wherein this Court previously discussed future advance clauses). Whether a particular future advance clause is valid depends on whether it was clearly within the contemplation of the parties. *ITT Indus. Credit Co. v. Union Bank & Trust Co.*, 615 S.W.2d 2, 4–5 (Ky.Ct.App.1981).

In *Dalton v. First Nat'l Bank*, 712 S.W.2d 954 (Ky.Ct.App.1986), the Kentucky Court of Appeals held that broad, boilerplate future advance clauses in purchase money security agreements for consumer goods are only enforceable when the subsequent transaction involves a similar purchase money loan for consumer

goods. *Id.* at 959. In that case, the bank held a purchase money security interest in a trailer. The security agreement included a future advance clause stating that a trailer would also secure any other debt then or thereafter owed to the bank. The bank sought to enforce this security for a debt resulting from a check that the Debtor requested be stopped. The bank mistakenly paid the check, and then sought to enforce this payment as a secured debt. The Court disagreed with the bank, holding that if the parties intend to include future advances that are not of the same type or class as the original debt, this intention must be clearly set out in the agreement. *Id.* at 958.

A similar situation was faced in *In re Breckinridge*, 140 B.R. 642, 643 (Bankr. W.D.Ky.1992), wherein the bankruptcy court found a broad future advance clause invalid in a purchase money security agreement for an automobile loan, where the subsequent debt was for a general unsecured loan. The court found that in consumer credit cases the latter transaction must also be in the same class. If the original debt is a purchase money loan, the subsequent debt must also be a purchase money loan for a future advance clause to be enforceable. *Id.* As that court found, some courts in other jurisdictions have gone farther, requiring not only that the loans be in the same class, but that the transactions be almost identical. *In re Wollin*, 249 B.R. 555, 559 (Bankr.D.Or. 2000) (credit card charges, presumably purchase money, are insufficiently related to a car loan to be covered by future advance clause). *See also In re Sweeney*, 264 B.R. 866 (Bankr.W.D.Ky.2001) (discussing future advance clauses created by language similar to the language used here.)

■ In this case, the test is met under either criteria. These transactions are in the same class, purchase money transactions. Furthermore, the transactions are identical in that they both involve financing for the purchase of vehicles. This Court finds that this future advance clause should be enforced. There is no proof here that the plaintiffs could have reasonably contemplated from the language in the First Note, that the 1998 Ford Pick-Up would not also secure all future debt owed to the Credit Union, including the debt created by the Second Note. Accordingly, even though the First Note was paid in full, the collateral described therein, the 1998 Ford Pick-Up, remained encumbered as additional security for the Second Note. As such, the plaintiffs are not entitled to have the lien on the First Note released by the Credit Union.

For the reasons set forth above, the Court will grant a summary judgment in favor of the Credit Union on this same date.